THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-19-787-R |
| | ) | |
| FNU CRAVEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his civil rights against four Defendants, employees at Joseph Harp Correctional Center where Plaintiff is incarcerated. Defendant Craven is the sole remaining Defendant and although this action was initially filed on August 27, 2019, Plaintiff has yet to effect service of process on Defendant Craven. The matter is currently before the Court on Plaintiff's timely objection to a September 2, 2020, Report and Recommendation wherein Magistrate Judge Shon T. Erwin recommended that Defendant Craven be dismissed from this action without prejudice due to lack of service. (Doc. No. 36). The timely objection to the Report and Recommendation gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted such a review, the Court finds as follows.

On October 9, 2019, Judge Erwin issued an Order Requiring Service and Special Report. In accordance with that order Plaintiff submitted service papers to the Clerk of Court, for forwarding to the Marshal Service, which would attempt service in light of

Plaintiff's *in forma pauperis* status. Plaintiff submitted the necessary papers for serving Defendant Craven, listing his work address at Joseph Harp. However, by that time Defendant Craven was no longer an employee of Center, and therefore service could not be completed.[1] Judge Erwin thereafter ordered the Center to provide Mr. Craven's last known home address to the Marshal Service, which it did. The Marshal Service unsuccessfully attempted to serve Defendant Craven at the address provided. Service was not completed because Mr. Craven no longer resided there.

As set forth in the Report and Recommendation, on February 28, 2020, Judge Erwin informed Plaintiff that the ninety-day period for service of process set forth in Rule 4(m) had run, and that Plaintiff, despite his *pro se* status was required to complete service. Judge Erwin instructed Plaintiff either to serve Defendant Craven by March 21, 2020 or to show cause why the claims against Defendant Craven should not be dismissed without prejudice. Plaintiff thereafter attempted service on Defendant Craven via the Marshal Service, addressing the process to the office of the Cleveland County District Attorney, or the Central District Supervisor, or the Oklahoma County Intake Office. Although a return of service dated May 14, 2020 was provided by the Marshal, on August 6, 2020, Judge Erwin informed Plaintiff that service on any of these three persons was not effective as to Defendant Craven.[2] Judge Erwin informed Plaintiff of his intention to recommend that the

---

[1] According to documents submitted in support of Plaintiff's Complaint, Defendant Craven was terminated for the assault and was being prosecuted. (Doc. No. 1-9, p. 2).

[2] That same day Plaintiff filed a Motion for Default Judgment against Tyler Craven that was mailed three days prior. (Doc. No. 34).

action against Defendant Craven be dismissed unless Plaintiff showed good cause by August 26, 2020, for his failure to timely serve Defendant Craven.

On August 31, 2020, Plaintiff responded to the show cause request, arguing that his service upon county officials was sufficient service of process. He asked the Court to appoint him an attorney to assist in service of process. In response Judge Erwin issued the September 2, 2020, Report and Recommendation wherein he recommends dismissal without prejudice in light of Plaintiff's inability to serve process for almost an entire year.

In his objection Plaintiff contends that this Court is obligated to provide him with counsel to employ a skip tracer to serve Defendant Craven under seal. (Doc. No. 37). The Court, however, is not so obliged, but finds that the appointment of counsel may aid Plaintiff in pursuing his excessive force claim against Defendant Craven. "The decision of whether to appoint counsel in a civil case under § 1983 is left to the discretion of the trial court." *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1181 (10th Cir. 2003); *see also Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); 28 U.S.C. § 1915(e)(1). The factors to be considered include: (1) the merits of the litigant's claim; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present the claims; and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).[3] While appointment of counsel in § 1983 cases is permissible, it is appropriate only in complex cases in which the prisoner demonstrates a meritorious claim that he lacks the

---

[3] Although an excessive force claim is relatively straightforward, in light of Plaintiff's inability to effect service he may lose what appears to be a viable claim. Specifically, Plaintiff alleges that Defendant Craven punched him in the jaw, breaking his jaw. The Court makes no findings regarding either the merits or the exhaustion of any available remedies from the Department of Corrections, other than to conclude that it appears Plaintiff might have a valid claim under the Eighth Amendment for purposes of appointing counsel.

ability to present. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). The Court hereby GRANTS the request for counsel and the Court will request legal representation for Plaintiff through the Federal Bar Association. *See* 28 U.S.C. § 1915(e)(1). The Court cautions Plaintiff, however, that while it may request legal representation, the Court cannot order an attorney to take the case. *Id*.

The Clerk of the Court shall transmit this order to Michael Brooks, Federal Bar Association liaison. No further action is required from Plaintiff until the Court so orders. The Court holds the Report and Recommendation in abeyance pending the outcome of attempts to locate counsel for Plaintiff.

**IT IS SO ORDERED** this 7th day of October 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE